# KANJI & KATZEN, P.L.L.C.

www.kanjikatzen.com

**ANN ARBOR**

POST OFFICE BOX 3971
ANN ARBOR, MI 48106
(734) 769-5400

**SEATTLE**

811 1ST AVE., SUITE 630
SEATTLE, WA 98104
(206) 344-8100

June 26, 2024

Hon. Christopher Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St.
Chicago, IL 60604

Re: Rule 28(j) letter in Nos. 23-2309, 23-2467
*Bad River Band v. Enbridge Energy Co., et al.*

Dear Mr. Conway:

The parties previously briefed *Swinomish Indian Tribal Community v. BNSF Railway*, No. C15-0543RSL (W.D.Wash.). Enbridge.Opening.Br.43; Band.Opening.Br.84; Band.Reply.7; Band.Supp.Br.46. There, BNSF shipped oil across a reservation in knowing violation of its easement. The trespass—which BNSF voluntarily ceased before being enjoined, Band.Supp.Br.46—involved 1 mile of a 1,500-mile railroute.

After granting partial summary judgment, 2024 WL 2274336 (W.D.Wash. May 20, 2024) (*"Summ.J"*), and holding a bench trial on restitution, the *Swinomish* court has ordered BNSF to disgorge $395 million, 2024 WL 3027911 (W.D.Wash. June 17, 2024) (*"Final.Order"*), equivalent to nearly all of BNSF's profit from operating the railroute during the nine-year trespass. The court rejected a pro rata apportionment based on mileage because "[t]he goal of restitution 'is to eliminate profit from wrongdoing,'" *Summ.J* *1, and hence the proper question "is what portion of the net profits…would have been realized had BNSF not trespassed"

and instead ceased shipment at the "edge of the Reservation," *Final.Order* *3. Because, as here, the relevant refineries lay beyond the reservation, BNSF "would have earned no…profit," *id.*, requiring disgorgement of what it netted from the full railroute's operation. The court described Judge Conley's contrary approach as ultimately inconsistent with principles of restitution. *Summ.J* *5.n.4.

Since BNSF could have earned $35 million from one non-trespassing alternative "actually available" during its trespass, the court reduced disgorgement by that amount. *Final.Order* *4-5. Here, Enbridge made no effort to show it could have profited using an available non-trespassing alternative (e.g., Line 78).

*Swinomish* supports the Band's full-disgorgement arguments. It also underscores how generous it would be to Enbridge to base disgorgement solely on Enbridge's gain from deferring spending on a reroute that may never come to fruition—and how inequitable it was for the district court to award anything less than that amount. While equity does not require every court to take precisely the same approach to restitution, it cannot countenance leaving Enbridge's trespass immensely profitable compared to even the most favorable counterfactual imaginable. Doing so would undermine the federal laws that categorically shield tribal land from trespass and would render it economically irrational for companies to respect those laws.

Respectfully,

s/ Riyaz A. Kanji
Riyaz A. Kanji
*Counsel for the Band*

## Certificate of Compliance

I hereby certify that this filing is 350 words and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules.


<u>s/ Riyaz A. Kanji</u>
Riyaz A. Kanji