# KANJI & KATZEN, P.L.L.C.

www.kanjikatzen.com

**ANN ARBOR**

POST OFFICE BOX 3971
ANN ARBOR, MI 48106
(734) 769-5400

**SEATTLE**

811 1ST AVE., SUITE 630
SEATTLE, WA 98104
(206) 344-8100

March 4, 2026

Hon. Christopher Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St.
Chicago, IL 60604

> Re: Response to Enbridge's Rule 28(j) letters in Nos. 23-2309, 23-2467
> *Bad River Band v. Enbridge Energy Co., et al.*

Dear Mr. Conway:

Enbridge has now trespassed on tribal land for nearly thirteen years and for over $2 billion in profit. Enbridge's recent 28(j) letters provide no support for allowing the trespass to continue.

First, the district court's stay order is effective only until this Court rules, and it will be this Court's decision, rather than the district court's assessment that Enbridge "has, at the very least, some likelihood of success," R760:5, that matters. The legal issues before this Court remain the same, as does the economics evidence. Existing alternatives (pipelines, rail, and vessel) can readily transport Line 5's products, without significant infrastructure investments and with minimal impact on consumers, R.748:32-48—a point on which Michigan's elected policymakers, hundreds of business owners, and leading industry analysts agree. Mich.Br.6-9; GLBN.Amicus.6-20; R.747-1. The district court erred in 2023 in concluding otherwise. Band.Opening.Br.80-81; Band.Reply.25-29; Band.Supp.Br.27-30. Enbridge's filings do not alter this reality, *see* R748:32-48, and the district court's order neither addresses its errors nor suggests that its misplaced concerns warrant an indefinite trespass.

Second, the installation of log jacks and a check valve on the Reservation cannot equitably justify the perpetuation of Enbridge's trespass, which remains an intolerable burden. R.744 ¶¶7-9, 22-27 (declaration of Band's Chairwoman detailing impacts). The Band authorized these projects to reduce the risk of environmental catastrophe that exists solely because of that trespass. It did so despite the environmental harm it knew would result from those projects, and based on Enbridge's agreement to remove the log jacks (which have a limited lifespan) by this fall. R.744 ¶¶13-18; R.745. Enbridge now treats that agreement as meaningless.

Third, the fate and timing of Enbridge's proposed reroute remain highly uncertain. Numerous groups in addition to the Band oppose the reroute and have brought state court challenges. R.752:5-6. On March 20, the state court will decide whether to stay the state permitting decisions, which would halt construction pending resolution of the merits. *Id.*

Finally, the Deputy Secretary's assumption (last July) of jurisdiction over Enbridge's administrative appeal does not obviate the clear requirement that any new right-of-way must have the Band's consent. U.S.Br.10-22.

Respectfully,

/s/ *Riyaz A. Kanji*
Riyaz A. Kanji
*Counsel for the Band*

2

## Certificate of Service and Compliance

I hereby certify that this filing is 346 words and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules.

I certify that on March 4, 2026, I caused a true and correct copy of the foregoing letter to be served via the Court's ECF system upon all counsel of record. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Riyaz A. Kanji

Riyaz A. Kanji